IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAN CARLOS IRRIGATION AND, DRAINAGE DISTRICT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-576C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. Denies the allegation contained in the second sentence of paragraph 2 that the Project lands are located in the arid desert region for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in the second sentence of paragraph 2. Denies the allegations contained in the third sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 to the extent supported by the statute, Landowners' Agreement and Repayment Contract cited, which are the best evidence of

their contents; otherwise denies the allegations contained in paragraph 3.

4. Denies the first sentence of paragraph 4; avers that Project operations allocable to plaintiff are funded by annual assessments collected by plaintiff from landowners within the plaintiff District. Admits the allegation contained in the second sentence of paragraph 4 that assessments charged to Indian lands are paid by the United States; denies the remainder of the allegations contained in the second sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 4. Admits the allegations contained in the fourth sentence of paragraph 4. Denies the allegations contained in the fifth sentence of paragraph 4. The allegations contained in the sixth and seventh sentences of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the eighth sentence of paragraph 4 that in one instance the United States assessed penalties for late payment; denies the remainder of the allegations contained in the eighth sentence of paragraph 4.

5. Denies the allegations contained in the first, second and third sentences of paragraph 5. Denies the allegations contained in the fourth sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 6.

7. The allegations contained in the first sentence of paragraph 7 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in the first sentence of paragraph 9; avers that the United States Department of the Interior, Bureau of Indian Affairs operates the Project, pursuant to 43 State. 475 *et seq*. Admits the allegations contained in the second sentence of paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first and second sentences in paragraph 11. Denies the allegation contained in the third sentence of paragraph 11 that the Project releases water to landowners when they request it; admits the remainder of the allegations contained in the third sentence of paragraph 11; avers that the Project releases water to landowners then entitled to receive it.

12. Admits the allegations contained in the first and second sentences of paragraph 12

to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 12. Denies the allegations contained in the third sentence of paragraph 12.

13. Admits the allegations contained in the first and second sentences of paragraph 13 to the extent supported by the statute and Landowners' Agreement cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 13. Denies the allegations contained in the third sentence of paragraph 13.

14. Admits the allegations contained in the first, second and third sentences of paragraph 14 to the extent supported by the Landowners' Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second and third sentences of paragraph 14. Admits the allegation contained in the fourth sentence of paragraph 14 that these water rights are a valuable property right; denies the remainder of the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the Landowners' Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the

allegations contained in the second sentence of paragraph 16 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 17. Denies the allegations contained in the third sentence of paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remainder of the allegations contained in paragraph 18 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 18.

19. Admits the allegations contained in the first and second sentences of paragraph 19. Admits the allegations contained in the third and fourth sentences of paragraph 19 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 19. Denies the allegations contained in the fifth sentence of paragraph 19; avers that lands within the Reservation leased by non-Indians pay O&M for those lands.

20. Admits the allegations contained in the first, second and third sentences of paragraph 20 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second and third sentences of paragraph 20. The allegations contained in the fourth and fifth sentences of paragraph 20 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied. Admits the allegations contained in the sixth sentence of paragraph 20 to the extent supported by

the Landowners' Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the sixth sentence of paragraph 20.

21. Admits the allegations in the first sentence of paragraph 21. Admits the allegations contained in the second, third and fourth sentences of paragraph 21 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third and fourth sentences of paragraph 21.

22. Denies the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 22. Denies the allegations contained in the third sentence of paragraph 22; avers that property taxes are assessed in two installments, one in November and one in May. Denies the allegations contained in the fourth sentence of paragraph 22; avers that one-half of the property taxes assessed in a July 1 tax levy do not become delinquent until the following May.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the statute and Repayment Contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23. Denies the allegations contained in the third sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 23 that the United States and the District executed a supplement to the Repayment Contract in 1935, to the extent supported by the supplement cited, which is the best evidence of its contents; otherwise denies the allegation that United States and the District executed a

supplement to the Repayment Contract in 1935; denies the remainder of the allegations contained in the fourth sentence of paragraph 23. Denies the allegations contained in the fifth sentence of paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the First Supplement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in the first sentence of paragraph 25. Denies the allegations contained in the second sentence of paragraph 25; avers that the District is required to pay annual O&M charges in advance by March 1. Denies the allegations contained the third and fourth sentences of paragraph 25. Admits the allegations contained in the fifth and sixth sentences of paragraph 25 to the extent supported by the statute, Repayment Contract and federal law cited, which are the best evidence of their contents; otherwise denies the allegations contained in the fifth and sixth sentences of paragraph 25.

26. Denies the allegations contained in the first sentence of paragraph 26. Admits the allegation contained in the second sentence of paragraph 26 that the United States maintained the O&M charges were due and payable on March 1, 2004; denies the remainder of the allegations contained in the second sentence of paragraph 26. Admits the allegation contained in the third sentence of paragraph 26 that the Secretary raised the FY 2005 rate to thirty dollars per acre; denies the remainder of the allegations contained in the third sentence of paragraph 26. Denies the allegations contained in the fourth, fifth, sixth and seventh sentences of paragraph 26.

27. Admits the allegations contained in the first and second sentences of paragraph 27. Admits the allegations contained in the third sentence of paragraph 27 that the District

appealed the Project's decision and that the Acting Regional Director of the BIA affirmed the decision; denies the remainder of the allegations contained in the third sentence of paragraph 27. Admits the allegations contained in the fourth sentence of paragraph 27.

28. Denies the allegations contained in the first, second, third and fourth sentences of paragraph 28; avers that the District was required to pay $1.5 million, plus $47,500 in penalty interest. Admits the allegations contained in the fifth sentence of paragraph 28.

29. Denies the allegations contained in the first and second sentences of paragraph 29; avers that certain Project staff proposed a $15 rate and that proposal was not accepted because it did not cover all O&M costs. Denies the allegations contained in the third sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 29 that the O&M rate for FY 2006 was $30 per acre; denies the remainder of the allegations contained in the fourth sentence of paragraph 29.

30. Admits the allegation contained in the first sentence of paragraph 30 that the United States maintained that the FY 2006 O&M charges were due from the District on March 1, 2005; denies the remainder of the allegations contained in the first sentence of paragraph 30. Admits the allegation contained in the second sentence of paragraph 30 that the Acting Regional Director of the BIA notified the District that water deliveries would be terminated on March 1, 2006 if the District had not paid the FY 2006 charges by that date; denies the remainder of the allegations contained in the second sentence of paragraph 30.

31. Admits the allegations contained in the first, second and third sentences of paragraph 31. Denies the allegations contained in the fourth and fifth sentences of paragraph 31.

Admits the allegation contained in the sixth sentence of paragraph 31 that the District paid $1,500,000 to the Project; denies the remainder of the allegations contained in the sixth sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies the allegations contained in the first and secnd sentences of paragraph 32. Admits the allegations contained in the third sentence of paragraph 32 that the United States maintains that the FY 2007 O&M charges were due on March 1, 2006 and that payment will be one year past due on March 1, 2007; denies the remainder of the allegations contained in the third sentence of paragraph 32.

33. Denies.

34. Denies.

35. Admits the allegations contained in the first and second sentences of paragraph 35 to the extent supported by the Landowners' Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 35. Admits the allegations contained in the third sentence of paragraph 35 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 35. Admits the allegation contained in the fourth sentence of paragraph 35 that the United States is obligated to fix the annual O&M rate based upon a reasonable estimate of the Projects O&M expenses; denies the remainder of the allegations contained in the fourth sentence of paragraph 35.

36. Admits the allegations contained in the first sentence of paragraph 36. Admits the allegation contained in the second sentence of paragraph 36 that for FY 2005, the BIA proposed a rate of $30 per acre; denies the remainder of the allegations contained in the second

sentence of paragraph 36. Admits the allegations contained in the third sentence of paragraph 36. Denies the allegation contained in the fourth sentence of paragraph 36 that the increase was unwarranted; denies the remainder of the allegations contained in the fourth sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies.

38. Denies the allegations contained in the first and second sentences of paragraph 38; avers that certain Project staff proposed a $15 rate and that proposal was not accepted because it did not cover all O&M costs. Denies the allegations contained in the third sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth and fifth sentences contained in paragraph 38. Admits the allegations contained in the sixth sentence of paragraph 38.

39. Denies the allegations contained in the first and second sentences of paragraph 39. Admits the allegations contained in the third sentence of paragraph 39 that the FY 2006 budget included funding for a well replacement program, deferred maintenance, rehabilitation of the china flume and a heavy equipment sinking fund; denies the remainder of the allegations contained in the third sentence of paragraph 39. Denies the allegations contained in the fourth sentence of paragraph 39.

40. Admits the allegations contained in the first sentence of paragraph 40 to the extent supported by the Repayment Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 40. Denies the allegations contained in the second and third sentences of paragraph 40.

41. Denies the allegations contained in the first sentence of paragraph 41. Admits the

allegations contained in the second sentence of paragraph 41 that the budget included funding to replace project wells and for an archaeological survey; denies the remainder of the allegations contained in the second sentence of paragraph 41. Denies the allegations contained in the third sentence of paragraph 41.

42. Denies.

43. Denies.

44. Defendant's responses to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. Admits the allegations contained in paragraph 45 to the extent supported by the Landowners' Agreement and Repayment Contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 45.

46. Denies.

47. Denies.

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. Admits the allegations contained in paragraph 49 to the extent supported by the Landowners' Agreement and Repayment Contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 49.

50. Denies.

51. Denies.

52. Denies.

53. Denies that plaintiff is entitled to the relief set forth in the prayer for relief

immediately following paragraph 52, or to any relief whatsoever.

54. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Kirk T. Manhardt
KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0541
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

DANIEL L. JACKSON
Acting Field Solicitor
Phoenix Field Office
Office of the Solicitor
U.S. Department of the Interior

October 10, 2006

CERTIFICATE OF FILING

I hereby certify that on October 10, 2006, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kirk T. Manhardt
Kirk T. Manhardt