IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAN CARLOS IRRIGATION AND DRAINAGE DISTRICT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-576C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully report as follows:

a. Jurisdiction: Plaintiff, San Carlos Irrigation and Drainage District ("District"), believes that the Court possesses jurisdiction to consider its lawsuit. Defendant, the United States, has identified no bases to challenge the Court's jurisdiction at this time.

b. Consolidation: The parties believe that this case need not be consolidated with any other case.

c. Bifurcation: The parties do not believe that bifurcation is necessary.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: The District anticipates that certain issues may be decided on summary judgment, but that issues of fact exist that likely will require a trial.

The Government believes that the issues of liability and damages are properly decided upon summary judgment.

h. Relevant Factual And Legal Issues:

The District's Statement of Relevant Factual and Legal Issues

The District asserts that the following relevant legal issues exist:

1. Whether the United States is contractually obligated to fix the annual operation and maintenance charges of the San Carlos Irrigation Project in time for the District to legally assess its landowners under Arizona law and pay the charges by the required deadline?

2. Whether the District's deadline for paying the charges is extended by the United States' failure to meet its obligations for the period of time necessary for the District to legally assess its landowners under Arizona law, collect the assessments, and pay the charges?

3. Whether the United States' failure to fix the charges in a timely manner and in a reasonable amount are a breach of contract by the United States?

4. Whether the United States failure to fix the charges in a timely manner and in a reasonable amount are a breach of the covenant of good faith and fair dealing by the United States?

The District asserts that the following relevant factual issues exist:

1. Whether the United States met the required deadline for fiscal years 2005 through 2007 for fixing the annual operation and maintenance charges in time for the District to legally assess its landowners under Arizona law and pay the charges by the deadline?

2. Whether the United States charged the District and its landowners unauthorized and unreasonable operation and maintenance amounts for fiscal years 2005 through 2007?

3. What are the District's damages arising from the United States' breach of its obligations to timely fix the annual operation and maintenance charges in a reasonable and authorized amount?

<u>The Government's Statement of Relevant Factual and Legal Issues</u>

The Government states that the relevant factual issues are:

1. Whether the operation and maintenance charges established by Secretary of the Interior ("Secretary"), for the San Carlos Irrigation Project for fiscal years 2005 through 2007 were reasonable.

2. Whether the District incurred any damages caused by the timing of the Secretary's establishment of operation and maintenance charges for fiscal years 2005 through 2007.

The Government states that the relevant legal issues are:

1. Whether the District is barred from relitigating issues decided in San Carlos Irrigation and Drainage District v. United States, 111 F.3d 1557 (Fed. Cir. 1997).

2. Whether the District is entitled to a final operation and maintenance rate determination by July 1, two years prior to the date those rates are payable by the District.

3. Whether the District suffered any compensable injury caused by the actual circumstances pursuant to which the Secretary determined the operation and maintenance charges for the San Carlos Irrigation Project for fiscal years 2005 through 2007.

i. Settlement/ADR: The parties have discussed settlement. At this time, however, the parties cannot state whether settlement is likely. The parties are in the process of determining whether ADR is appropriate.

j. Trial Status: At present, if the case cannot be resolved by dispositive motions or settlement, the parties intend to proceed to trial. The District requests that any trial in this case be conducted in Phoeniz, Arizona.

k. Electronic Case Management: At present, the parties do not perceive any special needs with regard to electronic case management.

i. Neither the District nor the Government is aware of any additional information of which the Court should be notified.

Proposed Discovery Plan

The Government believes that it has already produced documents relevant to this case through production of the the Administrative Record San Carlos Irrigation and Drainage District v. United States, No. 05-0937 (D. Az.) (Dismissed, Dec. 14, 2005) and through certain administrative proceedings. Consequently, the parties propose the following discovery plan:

| | |
|---|---|
| Parties' Initial Requests for Production | January 15, 2007 |
| Deadline for production of additional materials, if any | February 15, 2007 |
| Deadline for fact discovery | July 30, 2007 |
| Deadline for Disclosure of any expert reports | August 15, 2007 |
| Deadline for Discovery of experts | September 15, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Riney B. Salmon II
RINEY B. SALMON II
Salmon, Lewis & Weldon, P.L.C.
2850 E. Camelback Rd., Suite 200
Phoenix, Arizona 85016
(602) 801-9060 (office)
(602) 801-9070 (facsimile)

Attorney for Plaintiff

s/Kirk T. Manhardt
KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-0541

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on December 1, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kirk Manhardt