IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAN CARLOS IRRIGATION AND DRAINAGE DISTRICT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-576C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT POST-DISCOVERY STATUS REPORT

Pursuant to the Court's Scheduling Order of July 23, 2007 and Section VI, Appendix A, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully report as follows:

a. Discovery: Discovery has concluded including the deposition of an expert witness for plaintiff.

b. Conference: The parties' counsel are prepared to confer with the Court and (1) address the factual and legal issues in dispute, (2) discuss the evidence and decisional law that each side offers in support of its position, and (3) identify the best means of resolving the dispute.

c. Settlement/ADR: The parties have discussed settlement. Although both parties are agreeable to discussing whether ADR is appropriate, defendant does not believe there is a reasonable basis for pursuing ADR at this time.

d. Trial Status: At present, if the case cannot be resolved by dispositive motions as provided in paragraph f below or settlement, the parties intend to proceed to trial. Plaintiff requests that any trial in this case be conducted in Phoenix, Arizona. Defendant defers to the judgment of the Court whether trial if necessary, should be held in Phoenix, Arizona or Washington, D.C.

e. Relevant Factual and Legal Issues:

Plaintiff asserts that the following are relevant legal issues:

1. Whether defendant is contractually obligated to fix the annual operation and maintenance charges of the San Carlos Irrigation Project in time for plaintiff to legally assess its landowners under Arizona law and pay the charges by the required deadline?

2. Whether plaintiff's deadline for paying the charges is extended by defendant's failure to meet its obligations for the period of time necessary for plaintiff to legally assess its landowners under Arizona law, collect the assessments, and pay the charges?

3. Whether defendant's failure to fix the charges in a timely manner and in a reasonable amount are a breach of contract.

4. Whether defendant's failure to fix the charges in a timely manner and in a reasonable amount are a breach of the covenant of good faith and fair dealing.

Plaintiff asserts that the following are relevant factual issues:

1. Whether defendant met the required deadline for fiscal years 2005 through 2007 for fixing the annual operation and maintenance charges in time for plaintiff to legally assess its landowners under Arizona law and pay the charges by the deadline?

2. Whether defendant charged plaintiff and its landowners unauthorized and unreasonable operation and maintenance amounts for fiscal years 2005 through 2007?

3. What are plaintiff's damages arising from defendant's breach of its obligations to timely fix the annual operation and maintenance charges in a reasonable amount?

As initially stated in the parties′ joint preliminary status report,

defendant states that the following relevant legal issues remain:

1. Whether plaintiff is barred from relitigating issues decided <u>San Carlos Irrigation and Drainage District v. United States</u>, 111 F.3d 1557 (Fed. Cir. 1997).

2. Whether plaintiff is entitled to a final operation and maintenance rate determination by July 1, two years prior to the date those rates are payable by San Carlos.

3. Whether plaintiff suffered any compensable injury caused by the actual circumstances pursuant to which the Secretary determined the operation and maintenance charges for plaintiff project for fiscal years 2005 through 2007.

Defendant states that the following relevant factual issues remain:

1. Whether the operation and maintenance charges established by Secretary of the Interior ("Secretary"), for the San Carlos Project for fiscal years 2005 through 2007 were reasonable.

2. Whether plaintiff incurred any damages caused by the timing of the Secretary's establishment of operation and maintenance charges for fiscal years 2005 through 2007.

f. Dispute Resolution: The parties believe that the best means of resolving the dispute is by summary judgment and trial if necessary. The parties propose the following summary judgment schedule:

- Plaintiff shall file a Motion for Summary Judgment by April 9, 2008;
- Defendant shall file a Cross-Motion and Opposition by June 24, 2008;
- Plaintiff shall file a Reply and Opposition by July 24, 2008; and
- Defendant shall file a Reply by August 26, 2008.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Riney B. Salmon, II
RINEY B. SALMON II
Salmon, Lewis & Weldon, P.L.C.
2850 E. Camelback Rd., Suite 200
Phoenix, Arizona 85016
(602) 801-9060 (office)
(602) 801-9070 (facsimile)

Attorney for Plaintiff

s/Kirk T. Manhardt
KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-0541
(202) 514-8640 (fax)

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on February 5, 2008, a copy of the foregoing "JOINT POST-DISCOVERY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Amanda Athanas
Amanda Athanas