# LANDOWNERS' AGREEMENT WITH THE SECRETARY OF THE INTERIOR
# SAN CARLOS PROJECT:
# ACT OF JUNE 7, 1924

WHEREAS the act of Congress approved May 18, 1916 (commonly called the Indian appropriation act for the fiscal year ending June 30, 1917, 30 Stat. L., 123-130), provides, among other things, as follows:

For beginning the construction by the Indian Service of a diversion dam and necessary controlling works for diverting water from the Gila River at a site above Florence, Arizona, as estimated by the Board of Engineer Officers of the United States Army in paragraph one hundred and thirty-eight of its report to the Secretary of War of February fourteenth, nineteen hundred and fourteen (House Document numbered seven hundred and ninety-one), $75,000. to remain available until expended, the total cost not to exceed $175,000: *Provided*, That said dam shall be constructed as a part of a project for the irrigation from the natural flow of the Gila River of Indian lands on the Gila River Indian Reservation and private and public lands in Pinal County, Arizona: *And provided further*, That the water diverted from the Gila River by said diversion dam shall be distributed by the Secretary of the Interior to the Indian lands of said reservation and to the private and public lands in said county in accordance with the respective rights and priorities of such lands to the beneficial use of said water as may be determined by agreement of the owners thereof with the Secretary of the Interior or by a court of competent jurisdiction: *And provided further*, That the construction charge for the actual cost of said diversion dam and other works and rights shall be divided equitably by the Secretary of the Interior between the Indian lands and the private and public lands in said county; and said cost as fixed for said Indian lands and shall be reimbursable, as provided in section two of the act of August twenty-fourth, nineteen hundred and twelve (Thirty-seventh Statutes at Large, page five hundred and twenty-two); but the construction charge as fixed for the private and public lands in said county shall be paid by the owner or entryman in accordance with the terms of an act extending the period of payment under reclamation projects, approved August

thirteenth, nineteen hundred and fourteen (Thirty-eight Statutes at Large, page six hundred and eight-six): *And provided further*, That said project shall only be undertaken if the Secretary of the Interior shall be able to make or provide for what he shall deem to be satisfactory adjustments of the rights to the water to be diverted by said diversion dam or carried in canals, and satisfactory arrangements for the inclusion of lands within said project and the purchase of property rights which he shall deem necessary to be acquired, and shall determine and declare said project to be feasible.

And whereas the act of Congress approved June 7, 1924, entitled "An Act For the continuance of construction work on the San Carlos Federal irrigation project in Arizona, and for other purposes" (43 Stat. 475-476), provides as follows:

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Secretary of the Interior, through the Indian Service, is hereby authorized to construct a dam across the Canyon of the Gila River near San Carlos, Arizona, as a part of the San Carlos irrigation project, as contemplated in the report of the chief engineer of the Indian irrigation service submitted to the Commissioner of Indian Affairs on November 1, 1915, at a limit of cost of $5,500,000, for the purpose, first, of providing water for the irrigation of lands allotted to Pima Indians on the Gila River Reservation, Arizona, now without an adequate supply of water and, second, for the irrigation of such other lands in public or private ownership, as in the opinion of the said Secretary, can be served with water impounded by said dam without diminishing the supply necessary for said Indian lands: Provided, That the total cost of the project shall be distributed equally per acre among the lands in Indian ownership and the lands in public or private ownership that can be served from the waters impounded by said dam.

Sec. 2. That the construction charge assessed against the Indian lands shall be reimbursable to the Treasury of the United States on a per acre basis under such rules and regulations as the Secretary of the Interior may prescribe, and there is hereby created a lien against all such lands, which lien shall be recited in any patent issued therefor, prior to the reimbursement of the total amount chargeable against such land: Provided, That after said project is completed, the Secretary of the Interior is hereby authorized, in his discretion, with the approval of the Pima Indians, to sell, at public

auction, at not less than the appraised value thereof, such surplus lands not now allotted within said Gila River Indian Reservation as he may determine to be irrigable from return and drainage waters, the proceeds of such sales to be deposited in the Treasury to reimburse the United States in part for the construction charge assessed against the Indian lands.

Sec. 3. The Secretary of the Interior shall by public notice announce the date when water is available for lands in private ownership under the project, and the amount of the construction charge per irrigable acre against the same, which charge shall be payable in annual installments, the first installment to be 5 per centum of the total charge and be due and payable on the 1st day of December of the third year following the date of said public notice, the remainder of the construction charge, with interest on deferred amounts from date of said public notice at 4 per centum per annum, to be amortized by payment on each December 1st thereafter of 5 per centum of said remainder until the obligation is paid in full: Provided, That the operation and maintenance charges on account of land in private ownership or of land in Indian ownership operated under lease shall be paid annually in advance not later than March 1st, no charge being made for operation and maintenance for the first year after said public notice. It shall be the duty of the Secretary of the Interior to give such public notice when water is actually available for lands in private ownership.

Sec. 4. That no part of the sum provided for herein shall be expended for construction on account of any lands in private ownership until an appropriate repayment contract in accordance with the terms of this act and, in form approved by the Secretary of the Interior, shall have been properly executed by a district organized under State law, embracing the lands in public or private ownership irrigable under the project, and the execution thereof shall have been confirmed by decree of a court of competent jurisdiction, which contract, among other things, shall contain an appraisal approved by the Secretary of the Interior, showing the present actual bona fide value of all such irrigable lands fixed without reference to the proposed construction of said San Carlos Dam, and shall provide that until one-half of the construction charges against said lands shall have been fully paid, no sale of any such lands shall be valid unless and until the purchase price involved in such sale is approved by the Secretary of the Interior, and shall also provide that upon proof of fraudulent representation as to the

true consideration involved in any such sale, the Secretary of the Interior is authorized to cancel the water right attaching to the land involved in such fraudulent sale; and all public lands irrigable under the project shall be entered subject to the conditions of this section which shall be applied thereto: Provided further, That no part of any sum provided for herein shall be expended for construction on account of any lands in private ownership until all areas of land irrigable under the project and owned by any individual in excess of one hundred and sixty irrigable acres shall have been conveyed in fee to the United States free of encumbrance to again become a part of the public domain under a contract between the United States and the individual owner providing that the value as shown by said appraisal of the land so conveyed to the United States shall be credited in reduction of the construction charge thereafter to be assessed against the land retained by such owner; and lands so conveyed to the United States shall be subject to disposition by the Secretary of the Interior in farm units at the appraised price, upon such terms and conditions as he may prescribe.

Sec. 5. The Secretary of the Interior is hereby authorized to perform any and all acts and to make such rules and regulations as may be necessary and proper for the purpose of carrying the provisions of this act into full force and effect; and the money hereby authorized to be appropriated shall be available for the acquiring of necessary right of way by purchase or judicial proceedings and for other purposes necessary in successfully prosecuting the work to complete the project.

And Whereas the undersigned declares that he is the owner of approximately_____ acres of land in the Florence-Casa Grande Valley, Pinal County, Arizona_ which he wishes to have included in the San Carlos project under the conditions hereinafter stated and which land is hereinafter described and appraised.

Now, therefore, and in order to aid in the accomplishment of the purposes of said last-mentioned act, the said undersigned owner of the lands aforesaid covenants, promises, and agrees to and with the Secretary of the Interior and with all other landowners who may be included within said project, in consideration of the premises, the promises of said other landowners, and the work already done or which may hereafter be done by the United States in connection with said project, that if and when the Secretary of the Interior within three years from January 1, 1926, shall declare this agreement approved and shall include in said project the land of the

undersigned if any now forming a part of the Florence-Casa Grande project, at least to the extent of 160 acres thereof, or the full amount of such land owned by the undersigned if the same is less than 160 acres, and which the undersigned owns and is willing to have so included as hereinafter indicated, or if the undersigned has no land in the Florence-Casa Grande project, shall include in said San Carlos project all or any part of the land of the undersigned which he is willing to have so included as hereinafter indicated, then such of said lands of the undersigned as by order of the Secretary of the Interior, under the conditions herein stated, shall be included within said project and the water rights attached, appurtenant to, or used in connection therewith, whether vested or inchoate, except well-water rights, a subject to be hereinafter separately treated, shall be included in and become a part of said San Carlos project and said water rights shall at once be and become the property of the United States for use upon and in connection with said San Carlos project; and all of said lands so included in said project, together with the interest of the undersigned in the water rights of said project, shall at once be and become burdened with and subject to a first lien, so far as this agreement can make the same a first lien, to secure to the United States the full payment of a pro rata share of the entire cost of said project and all of the betterment, operation, and maintenance charges, and penalties in connection therewith; and the undersigned further hereby agrees that, if and when notified so to do by the Secretary of the Interior or his duly authorized agent or agents, he will promptly further convey or cause to be conveyed to the United States by good and sufficient deeds or other instruments satisfactory to the Secretary of the Interior, for use upon and in connection with the said project the water rights now appurtenant to said lands; and further agrees that he will by good and sufficient mortgages, deeds of trust, contracts, or other instruments of writing satisfactory to the Secretary of the Interior further cause the pro rata share of the entire cost of said San Carlos project, properly apportionable to said lands, and all betterment, operation, and maintenance charges upon said lands and upon his interest in the water rights of said project and of any water rights for said lands that he may hold individually or as against said project or as against other individuals in said project on account of said lands, except well-water rights which are hereinafter separately treated, to become a first lien so far as he can make it such upon said lands and said water rights; and the undersigned agrees that with respect to each

parcel of his lands which are hereinafter described and appraised the appraisement stated may be taken as the true appraisement and value of said parcel, fixed without reference to the proposed construction of the said Coolidge Dam for all purposes of said San Carlos Act; and the undersigned agrees that his lands described and appraised as follows: shall become a part of said project as and to the extent that they shall be so designated by the Secretary of the Interior, under the conditions aforesaid; and he agrees further that to the extent that said lands so designated shall exceed 160 acres, he will convey so much of such excess as still may be owned by him, when the repayment contract shall be approved as hereinafter provided, to the United States to become a part of the public domain thereof, as required by said San Carlos Act, and that the value of said lands so conveyed as shown by the said or any appraisal made hereunder, to the extent that it shall not exceed the construction charge assessed against the lands retained by him, shall be credited in reduction of such charges; and he agrees that in an endeavor to aid the Secretary of the Interior in disposing of said excess lands and in accounting to the undersigned for the value thereof which may exceed the construction charge to be assessed against the lands retained by him, he will try to assist the said Secretary to arrange sales thereof on long-time payments or otherwise, and in every way, so far as he is able, will endeavor to assist in the disposition of said lands.

The undersigned further agrees to comply in all respects with the said last-mentioned act of Congress and, so far as he is able, to cause the district, to be organized thereunder, so to comply; and should the appraisement hereinabove made fail to meet the approval of the Secretary of the Interior, he agrees that the value of his said lands may be fixed for all purposes of said act by a board of three appraisers consisting of one member who shall be appointed by the board of governors of the Florence-Casa Grande Water Users' Association and two members appointed by the Secretary of the Interior, one of whom, if he shall find it feasible, shall be an appraiser of the farm loan organization of the United States.

The said San Carlos project shall consist of and be constructed, operated, and controlled as follows:

The San Carlos project works and structure shall consist of the Ashurst-Hayden Diversion Dam and the canals and all other works and structures of the present

Florence-Casa Grande project to the extent that the same may be made available for the San Carlos project as herein and otherwise lawfully provided, and of the Coolidge Dam and Reservoir which are to be constructed; and they shall also consist of adequate extensions of the works and structures just described and a fitting system of lateral ditches to supply the white lands in said San Carlos project, with equivalent benefits for the Indian lands thereof, if such extensions and lateral systems shall be arranged for as hereinafter provided; and shall consist also of such other works and structures as may be in the future determined upon by the Secretary of the Interior with the approval of the owners of a majority of the acres of the white lands which may at any time be included in said project, or with the approval of the duly authorized board of directors or other proper officers of any district in which the lands of the undersigned may be included and which may have entered into a contract with the United States for the inclusion of the lands of said district in said project.

And the said works of said project shall further consist of such gates, drops, and other structures and appliances to make efficient and to be used in connection with said dams, canals, and reservoir as shall be determined upon as necessary or appropriate by the said Secretary of the Interior.

The water rights which shall be attached to and used in connection with said project shall consist of all water rights now appurtenant to or used in connection with the said Florence-Casa Grande project, to the extent that the same may be made available for the San Carlos project as herein or otherwise lawfully provided, whether said rights be vested or inchoate, and of all water rights appurtenant to or used in connection with the private lands not now in said Florence-Casa Grande project but which shall become a part of the said San Carlos project, except well-water rights which are hereinafter separately treated, and of all water rights reserved, appropriated, or otherwise held or acquired by the United States for said San Carlos project and also of so much of the water rights from the Gila River above the confluence therewith of the Salt River now owned by the United States or said Indians for or on account of or appurtenant to said Gila River Indian Reservation and the San Carlos Indian Reservation, except water rights in that tributary of the Gila River known as the San Carlos River, and except water rights of the Unites States or of the Indians in the Gila River, which shall be retained by the Secretary of the Interior for the use of the Indians of the said

San Carlos Reservation, and except well water rights, as together with all water rights of said project, shall be needed and available for use on or in connection with the lands embraced in said project. All underground and also all diffused surface water under, in or upon the white lands embraced in the said San Carlos project, except such as may from time to time be needed and utilized by the owners of such lands for their domestic water supply, shall at all times be available to said project for development and use as an irrigation water supply for said project; and the undersigned promises and agrees, in respect to his land which shall be taken into said project, to give to the United States or said project the necessary rights of way for the use of such waters and agrees further not to drill or operate wells in any other way or use or permit others to use said waters for irrigation contrary to any rules, orders, or regulations promulgated by the Secretary of the Interior with relation to said waters on said project.

The undersigned further agrees that any and all wells, pumps, or other means of using for irrigation underground or diffused surfaced waters, which are or may be upon the lands of the undersigned which shall be taken into the said project, may be purchased by the United States or by any district hereunder, with the approval of the Secretary of the Interior, for use in connection with said project, at a price to be fixed by a board of two appraisers, one to be appointed by the undersigned, and one as the Secretary of the Interior shall determine, and in the event that such appraisers can not agree, they may select a third and two of the three shall fix such price.

Such underground and diffused surface waters as may be under, in or upon Indian lands embraced in said project and the wells, pumps, and facilities in connection therewith, in so far as shall be permitted by law and in so far as the Secretary of the Interior shall deem proper, shall be devoted to the use and benefit of said project and the lands thereof.

The Secretary of the Interior shall have and he is hereby given the right to use for the San Carlos project the dam, the canals, and all other works and structures and all water rights of the Florence-Casa Grande project upon such terms and under such conditions as he shall deem fair to both of said projects and to the Indians and to the individuals having rights therein, provided however, that any lands in the Florence-Casa Grande project which for any reason are not taken into and do not become a part of the San Carlos project shall not be deprived in any way of irrigation under the said

Florence-Casa Grande project and owners thereof shall retain the right to have said lands irrigated under said Florence-Casa Grande project as fully as if the same were in no way merged into the San Carlos Project.

The lands to be embraced in said San Carlos project and to be irrigated thereunder, shall consist of: (1) Such allotted lands in the Gila River Indian Reservation as the Secretary of the Interior shall designate; said lands, however, shall not exceed 50,000 acres, but, within that limitation, may include all irrigable allotments on said reservation which the Secretary of the Interior shall decide are not already adequately supplied with gravity water for irrigation, and which, either as at present located or as the location thereof may be changed, can be irrigated under said project, and which he shall at any time, or from time to time, designate as temporarily or permanently entitled to the Indian water rights under said project; (2) the 27,000 acres, more or less, of privately owned lands in Pinal County, Arizona, which now constitute the white lands in said Florence-Casa Grande project, provided, and to the extent that the owners thereof place their respective lands in said San Carlos project in full compliance with the terms of said act of June 17, 1924, and under this agreement, and with the approval of the Secretary of the Interior; (3) such additional private and public lands as the Secretary of the Interior shall include in said project by making designations thereof within three years from January 1, 1926, and which shall be brought into said project full compliance with said last-mentioned act; (4) and all such other lands of any character whatsoever, as may be included in said project from time to time in compliance with law and in the manner hereinafter provided.

In order that the said San Carlos project may be susceptible of extension from time to time as occasion may demand, other lands than those mentioned in subdivisions (1), (2), and (3) in the foregoing paragraph may be included in said project by a duly authorized vote of the board of directors of the district to be organized as hereinafter provided. Said and all extensions of such project, however, shall be made only upon the approval of the Secretary of the Interior and the said Secretary shall be the judge of all proceedings in regard thereto, and his decision that such an extension has been made or has not been made, shall be final.

And the undersigned agrees that no lands of his which shall be included in said San Carlos project, shall, with his consent or without his consent if he can prevent it,

be included in any irrigation, power, drainage, or other district or be burdened with any improvement tax or other lien which shall displace or share with the lien or liens of the United States on account of said San Carlos project, except upon the approval of the Secretary of the Interior.

In the manner hereinabove provided for extending the area of said project, the said project's activities may be extended to include the building and operation of dams and reservoirs, and of transmission lines and all other accessories for the purpose of generating, selling, purchasing, and dealing in electric power; and may include the development of water and the use thereof by said project by pumping or other means and the drainage of the lands of said project and the selling of surplus power and water and water rights: and by the same procedure and without said procedure if the Secretary of the Interior shall deem it proper or shall be authorized or instructed so to do by any act of Congress, the Secretary of the Interior may acquire by condemnation or otherwise any canals, pumps, reservoirs, water rights, electric power, power lines, power rights, rights of way, or other property necessary or useful in connection with said project which now or hereafter may belong to the undersigned or to other owners of private lands in said project, and may extend the main canals of said San Carlos project acquired or made available from the Florence-Casa Grande project and thereby and by acquiring or building an adequate system of lateral ditches may provide for carrying the water of said project to the white lands thereunder, all as a part of the works of and at the cost of said project; but if the United States shall extend said canals or construct a system of lateral ditches for said white lands the Secretary of the Interior is hereby authorized at the cost of said project to expend a sum equivalent to the full cost thereof to said project, for the reimbursement of the United States for purchase or construction of ditches and canals on the Gila River Indian Reservation for the irrigation of Indian lands in said project; and if the United States shall expend money for the acquisition of pumps, wells, electric power, or other property or rights for the utilization of underground waters for the benefit of the white lands of said project, under the authority in this paragraph granted, the Secretary of the Interior is hereby authorized, at the cost of said project, to spend a like sum for a like benefit to the said Indian lands and said expenditures may in his discretion take the form of

reimbursing the United States or said Indians for pumps, wells, and electric power already in existence on said Indian reservation.

The Secretary of the Interior is hereby further authorized, in his discretion, and without further authority than that given hereby, to include in said project any lands he may deem it feasible so to include which may be above the Coolidge Reservoir, and to include them upon such terms as he thinks proper; and is authorized to permit such lands to use the unstored flow of the Gila River in so far as the said project may be entitled to use the same, to the extent that said Secretary shall deem proper and so long as there shall be, in his opinion, water sufficient for the irrigation of the other lands in said project, stored in said reservoir or other reservoirs for said project belonging to the United States or to said project.

There shall be attached and made appurtenant to the Indian and white lands in said project water rights of said project as follows:

All Indian and white lands which shall be in said San Carlos project and under said Coolidge Reservoir shall be entitled to share equally in all of the stored and pumped water of said project in so for as that shall be physically feasible, and said lands shall share equally in all of the water of said project of every nature as long as the stored and unstored water supply for said project shall be sufficient for the project's needs, and as far as that shall be physically feasible; but when, through lack of stored and pumped water, there shall be an insufficient supply of water for all of the lands of said project lying under said reservoir, the said lands so situated shall enjoy in addition to their proper share of such stored and pumped waters as may be available to the project, but within a proper duty of water allowance, the following rights in the unstored flow of the Gila River, and the Secretary of the Interior of his duly authorized agent shall determine when the stored and pumped supply of water for said project is insufficient as aforesaid: Until the Coolidge Dam is constructed and stored waters are thus made available for said project, and also after the stored and pumped waters of said project shall have been exhausted or depleted as hereinabove just stated, the unstored flow of the Gila River available and susceptible of being diverted for the Indian and white lands of the Florence-Casa Grande project shall be divided between the said Indian and white lands and distributed to such lands whether the same shall than be also included in the San Carlos project or not, in accordance with the so-called

Florence-Casa Grande agreement, and then any surplus that may remain in the said river and be available for other lands included in the San Carlos project shall first go to other Indian lands included in the San Carlos project, and then shall be divided as equitably as may be among the private and public lands of the San Carlos project, which are not also included in the Florence-Casa Grande project.

The Secretary of the Interior or his agents shall from time to time determine and fix the duty of water for all privately-owned lands in said San Carlos project and for said Indian lands, and he is hereby authorized to make reasonable rules and regulations for the use of water and for the management of said project.

The owners of the private lands which shall be included in said San Carlos project hereby authorize the Secretary of the Interior to carry in the canals of said project water other than that belonging to said project, whether the same comes from wells or otherwise, and generally to permit all uses of the facilities and works of said project, all upon such terms of compensation to be applied to the benefit of said project and under such conditions and restrictions as he shall decide to be for the best interests of said project.

Said owners furthermore agree and promise that they will, as soon as possible and under the general direction of the Secretary of the Interior, organize themselves into such a district as the Secretary of the Interior shall direct, so as to handle and control the privately-owned distributing systems leading from said project canals and be able to act as a unit in all dealings with the said Secretary, and said organization in form and nature shall be made in all respect satisfactory to the Secretary of the Interior, and such district which shall embrace the private lands irrigable under said project, shall enter into an appropriate repayment contract in accordance with the terms of the hereinbefore-mentioned act of Congress of June 7, 1924, the execution whereof shall be confirmed by the decree of a court of competent jurisdiction, and which contract, among other things, shall contain an appraisal approved by the Secretary of the Interior showing the actual bona fide value of all private and public lands in said project, fixed without reference to the proposed construction of the said Coolidge Dam, which appraisal may be the one herein made or the one herein provided for, and which contract shall provide that until one-half of the construction charge against said lands shall have been fully paid, no sale of any such lands shall be valid, unless and until the

purchase price involved in such sale is approved by the Secretary of the Interior and shall in all other respects fully conform to the said last-mentioned act of Congress.

It is further agreed that the time of determination of whether the undersigned or any owner of land irrigable under said project is the owner of more than 160 acres of irrigable lands in the said San Carlos project under the said San Carlos Act, shall be the date when the contract between the district to be organized under this agreement, and the Secretary of the Interior as hereinabove provided, shall be approved by a court of competent jurisdiction as in said act provided; and the undersigned hereby agrees to convey in fee to the United States free of all encumbrances to again become part of the public domain, all areas of his above-described lands in excess of 160 irrigable acres which shall have been brought into said project and which he may still own at said date. It is further agreed that any money, notes, or securities received by the United States in payment for such excess lands or made available by the United States to pay for the same, which may be in excess of the sum retained and properly held for the payment of reclamation charges on the lands still held by the undersigned in said project will be promptly paid or turned over to the undersigned by the Secretary of the Interior, if he is or shall be authorized so to do; and the undersigned on his part, agrees promptly to make up any deficiency there may be in reclamation charges on the land retained by him over such sums as the Secretary may withhold for the payment of said charges.

The undersigned and all owners of private or public lands under the said San Carlos project hereby agree that the construction and operation and maintenance charges for said San Carlos project shall be payable, and they agree to pay the same, in accordance with the said last-mentioned act of Congress.

The undersigned in case and to the extent that he is an owner of lands included in the Florence-Casa Grande project, which shall also be included in said San Carlos project, will pay the reclamation and all other charges of said Florence-Casa Grande project as provided in the first above-mentioned act of Congress and in the said Florence-Casa Grande project agreement, or that if now or hereafter authorized so to do will pay the same according to the provisions of the said San Carlos act, and he further agrees that as and to the extent that lands owned by him which are not in the Florence-Casa Grande project are included in the San Carlos project he will pay his full

share of the reclamation and other charges of the Florence-Casa Grande project as determined and in the way specified by the Secretary of the Interior.

The project works and water rights, subject to the individual rights in the San Carlos project and said Florence-Casa Grande project for which provision is herein made, until otherwise provided by Congress, shall be and remain the property of the United States. They shall be under the exclusive control and operation of the United States, except that their care and operation may be placed in the hands of the district herein provided for at the discretion and during the will of the Secretary of the Interior. The United States shall not be under any obligation to deliver water or to distribute the same otherwise than from said project reservoirs and canals. The Secretary of the Interior shall fix the site of the said Coolidge Dam and any other dams that may be built under said project and shall determine where all canals and other works of said project shall be situated and their capacity, and shall determine the kind of dams, canals, and other structures to be built, and he shall also operate and maintain the same and all project works in accordance with the provisions herein and of present and future acts of Congress.

All extensions of main canals and all distributing ditches used to carry the project water to the individual lands in said project shall be built according to, and old ditches shall be made to conform to, designs, specifications, and locations approved by the Secretary of the Interior and shall be made or remade in all respects satisfactory to him, and if he shall so direct shall be operated under rules and regulations made by him.

The Secretary of the Interior shall be under no obligation to deliver water to the various private canals for lands not ready to make beneficial use thereof for irrigation; and those in control of such private canals shall not deliver water to lands under said canals the owners whereof the Secretary of the Interior or his agent shall declare to be in default in any of their payments herein provided for, or which for other reasons shall not be entitled to water. If the owners of the private lands in said project shall fail to provide adequate canals and ditches to carry the water of said project to each legal subdivision of such private lands within two years from the time when water therefor shall be available in said project canals, then the owner or owners of such lands as said private ditches shall not reach within said time shall forfeit the right to have their said lands so situated remain in said project and the Secretary of the Interior may, at his

discretion, declare such forfeitures and exclude said lands from said project, and upon such terms as he shall consider just may substitute other private lands therefor.

In addition to the charge for the whole cost of said San Carlos project, which shall include the cost properly assessable to that project of the aforesaid Ashurst-Hayden Dam and all canals and works of every nature built or now building on account of the present Florence-Casa Grande project, as hereinabove provided, every owner of private lands under said San Carlos project shall also pay for the irrigation of his lands, whether or not has facilities for using said water on his land, or diverting it from said project canals thereto, or has actually so used or diverted it, an operation and maintenance charge to be fixed from time to time by the Secretary of the Interior, based upon the total annual cost of the operation and maintenance of the said San Carlos project, and such charge shall be uniform throughout said project and made upon a per acre or acre-foot basis unless otherwise provided by agreement with said district and with the approval of the Secretary of the Interior. The said operation and maintenance charges as far as the works of the said San Carlos project are concerned which are to be built in addition to those already built to now building for the Florence-Casa Grande project, shall be payable as is provided by the said last-mentioned act of Congress and the rules and regulations of the Secretary of the Interior which shall be made thereunder and under this agreement; but the operation and maintenance charges of said project as far as they appertain to the delivery of water available under the Florence-Casa Grande project shall be due and payable when determined by the Secretary of the Interior. Betterment charges may be added to operation and maintenance charges under said San Carlos project by the agreement between the Secretary of the Interior and the said district.

The undersigned further agrees to furnish the Secretary of the Interior or his agents, within 30 days from demand by any such agent, proper abstracts of title covering his said lands; and failing so to do hereby authorizes him or his agents to obtain the same at said owners expense. Said abstracts, after examination, shall be returned to their owners. The undersigned further agrees that if the Secretary of the Interior shall be of the opinion that the said undersigned is not the owner of the lands hereinabove described, or, being the owner, has been unable to place said lands in said project so that all project charges shall be a first lien thereon, then the Secretary of the

Interior, may, at his discretion, allow the true owner thereof to become a signer of this instruments and represent the said lands or allow other lands to be brought into said project in place thereof.

In case by new legislation Congress shall further facilitate the merging of the Florence-Casa Grande project into the San Carlos project and the organization of said last-named project the Secretary of the Interior is hereby authorized by proper agreements with the said district to comply with such new legislation and arrange for the compliance therewith by all landowners under the said San Carlos project and compliance so made or arranged for, shall be binding upon the undersigned and all parties hereto.

After the Secretary of the Interior shall have approved this agreement as hereinabove provided for, and until the said Coolidge Dam and other project works shall be built and in operation, and the Secretary of the Interior may determine when said project works are in operation for the purposes of this paragraph, the United States shall be under no obligation with regard to the distribution of water for said project, but the Secretary of the Interior through his duly authorized agents may if he finds it practicable and desirable so to do, distribute or provide for the distribution of the waters belonging to said project according to the principles of the foregoing agreement and with special regard to insuring the continuance and protection of present uses and of those contemplated under the San Carlos project and the Florence-Casa Grande project, until such other works are built, in the manner that he shall find feasible and just under the circumstances.

If the Secretary of the Interior shall not approve this agreement within the time hereinbefore limited, then the same shall be of now further effect.

This agreement may be expressed and executed in and by as many separate instruments in the foregoing form, as may be convenient, all of which said instruments shall be taken together as evidencing a joint and several agreement for the organization, construction, and operation of the San Carlos project and the same shall be binding upon and shall inure to the benefit of the heirs, executors, administrators, and assigns of the parties hereto.

IN WITNESS WHEREOF the undersigned ha___ hereunto set_________ hand and seal this _____ day of __________, 19__.