SALMON, LEWIS & WELDON, P.L.C.
Attorneys at Law

Riney B Salmon II, P.C
John B Weldon, Jr.
Lisa M. McKnight
James R. Huntwork
Ronnie P. Hawks
Alexandra M Arboleda

*Writer's Direct Line*
602 801 9061

*Writer's Internet Address*
*rbs@slwplc com*

2850 E Camelback Road, Suite 200
Phoenix, Arizona 85016
Telephone 602-801-9060
Facsimile 602-801-9070

M Byron Lewis
Stephen E Crofton
Mark A McGinnis
Karen S Gaylord
Kristin D. Magin
Rebecca C Goldberg

*Of Counsel*
Richard N Morrison

February 23, 2005

**NOTICE OF APPEAL**

Regional Director
Western Regional Office
Bureau of Indian Affairs
400 N. 5th Street
14th Floor, P.O. Box 10
Phoenix, Arizona 85001

Re: Notice of Appeal of February 8, 2005 decision by Acting Project Manager, San Carlos Irrigation Project, to terminate delivery of irrigation water to the San Carlos Irrigation and Drainage District for alleged non-payment of FY 2005 operation and maintenance assessment

To the Western Regional Director:

This firm represents the San Carlos Irrigation and Drainage District ("District). With this letter, the District hereby appeals the February 8, 2005 decision of the Acting Project Manager, San Carlos Irrigation Project ("Project"), to terminate delivery of irrigation water to the San Carlos Irrigation and Drainage District effective March 2, 2005, for alleged non-payment of the Project's operation and maintenance assessment for Fiscal Year 2005. *See* Letter from Charles R. Tate, Acting Project Manager, to J. Michael Urton, District President (February 8, 2005 (Attachment 1). This appeal is made in accordance with the regulations in 25 C.F.R. Part 2 and other applicable federal law.

As you may know, the District has withheld a portion of the Project assessment for Fiscal Year 2005 because of disagreements with the Project regarding the assessment rate and the Bureau of Indian Affairs' ("BIA") operation and management of the Project. Beginning in December of last year, the District has repeatedly requested an opportunity to review Project records relating to the assessment rate and Project operations to determine if any basis exists for the current assessment rate. *See* Three Letters from Riney Salmon to the Western Regional Director, Project Manager, and Pima Agency (Attachment 2). This right of review is guaranteed both by the District's Repayment Contract with the United States and the BIA's own rate assessment notice. *See* Repayment Contract between the United States and San Carlos Irrigation and Drainage District, (June 8, 1931) (mandating that the Project's "accounts and the books showing them, and also all records, maps, plans, estimates, budgets and engineering data of the United States and the District concerning said Project, at all reasonable times, shall be open to the inspection . . . of the District and its representatives . . . ."); 69 Fed. Reg. 23805 (April 30,

2004) (stating that "[t]he BIA's records for expenditures on all of its irrigation facilities are public records and available for review . . . during normal business hours at the individual agency offices" and indicating that the District should contact Carl Christiansen and Joe Rivak, at the Project and Pima Agency respectively, to review the Project's records).

The BIA's response, which did not arrive until February 10, 2005, was to treat our request as one under the Freedom of Information Act, which it was not, and to deny the District access to the actual Project records. *See* Letter from John Philbin, Acting Regional Director, to Riney Salmon (February 7, 2005) (Attachment 3). The BIA indicated that it would be at least 30 days before it could provide copies of the few documents that the District will be permitted to see. The Project, however, is now threatening to terminate the District landowners' water deliveries even before those documents are provided. The BIA's regrettable attitude towards the assessment rates, Project management, and the District's rights under its agreements with the United States can only lead to further disputes and litigation.

Regardless of the relative positions of the Project and District on these matters, however, the Acting Project Manager's decision should be immediately overturned. The decision sets forth reasons that misinterpret or ignore applicable provisions of the contracts and statutes that govern water deliveries to the District. Absolutely no valid basis exists for terminating water deliveries to the District. Furthermore, the Acting Project Manager makes inappropriate threats of collection actions against the District, which actions have no basis in the facts or law applicable to this matter.

The District challenges both the decision itself and the process through which the decision was made. Under the District's Repayment Contract with the United States, only the Secretary of the Interior may terminate water deliveries to the District. The Acting Project Manager's decision: (1) violates applicable law, including the Department of Interior's own rules and regulations; (2) violates the District's contracts with the United States; (3) exceeds the Acting Project Manager's authority; (4) is contrary to past decisions by your office on this issue; (5) is arbitrary and capricious; and (6) is an abuse of discretion. The decision also violates the District's right to due process and represents a potential taking of the District's vested property rights. For these reasons, the Acting Project Manager's decision should be vacated.

**The District also requests that the Western Regional Director immediately stay any action by the Project on the Acting Project Manager's decision until this matter has been settled or the appeal process has been exhausted.** The Acting Project Manager's reliance on the Act of 1924 in setting a March 1 due date for payment of the assessment is misplaced. As the Acting Project Manager should know, the District's due date was moved to May 15 under a supplement to the District's repayment contract agreed to by the United States over seventy years ago. *See* First Supplement to Repayment Contract, ¶ 7(c) (November 12, 1935) (Attachment 4). Therefore, the District will not be a full year in arrears, under any argument, until May 15, 2005, *at the earliest.*

Furthermore, the Acting Project Manager is threatening to terminate water deliveries on March 2, 2005, long before this matter will be briefed or decided. Such action will have an adverse impact on the District and its landowners. The resulting loss of agricultural production

and income and other economic and personal damages will not be cured simply through reversal of the decision at some later date. Those damages may well become the responsibility of the Project if the decision to terminate the District landowners' water proves to be ill-advised. The District requests that the Western Regional Director notify the District of a decision regarding a stay by February 28, 2005, so that the District may seek other remedies if its request for a stay is denied.

The District will provide a statement of the reasons for this appeal within 30 days. *See* 25 C.F.R. § 2.10. The District also requests that it be permitted to submit a full brief on this matter or, at the very least, that it be permitted to reply to any response or arguments submitted by the Acting Project Manager.

Respectfully Submitted,

Salmon, Lewis & Weldon, P.L.C.

By [signature]

Riney B. Salmon, II

## CERTIFICATE OF SERVICE

Pursuant to 25 C.F.R. § 2.12, the undersigned counsel hereby certifies that the foregoing Notice of Appeal was served by mail on this -- day of February, 2005 on the following list of interested parties.

Salmon, Lewis & Weldon, P.L.C.

By [signature]
Riney B. Salmon, II
Attorneys for San Carlos Irrigation and Drainage District

Charles R. Tate
Acting Project Manager
San Carlos Irrigation Project
P.O. Box 250
Coolidge, Arizona 85228

Honorable Gale Norton
Secretary of the Interior
1849 C Street, NW
Washington, DC 20240

Senator Jon Kyl
724 Hart Office Building
Washington, DC 20510

Representative Rick Renzi
Arizona District 1
418 Cannon House Office Building
Washington, DC 20515-0301